Filed 12/14/20  P. v. Ayala CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>LUIS AYALA,<br><br>　　Defendant and Appellant. | 2d Crim. No. B306416<br>(Super. Ct. No. 2019007380)<br>(Ventura County) |

　　　　Luis Ayala sexually abused his stepdaughter almost daily for a period of nearly 17 months.  She was just 12 years old when the abuse started.

　　　　Prosecutors charged Ayala with two counts of forcible lewd acts on a child (Pen. Code,[1] § 288, subd. (b)(1)), one count of lewd acts on a child (*id.*, subd. (c)(1)), one count of continuous sexual abuse of a child (§ 288.5, subd. (a)), and one count of possession of child pornography (§ 311.11, subd. (a)).  They also alleged that Ayala engaged in substantial sexual conduct with his

---

[1] Unlabeled statutory references are to the Penal Code.

stepdaughter-victim when he committed the continuous sexual abuse (§ 1203.066, subd. (a)(8)).

Ayala pled guilty to the continuous sexual abuse charge and admitted the substantial sexual conduct allegation in exchange for a six-year state prison sentence. As part of his plea, Ayala acknowledged that he would be ordered to pay a restitution fine of up to $10,000 (§ 1202.4, subd. (b)), a $40 court security fee (§ 1465.8, subd. (a)), a $30 court facilities fee (Gov. Code, § 70373, subd. (a)), and up to $10,000 in additional fines (§ 672). The trial court imposed the agreed-upon sentence, and ordered Ayala to pay the agreed-upon fines and fees. Ayala did not object to the court's fines and fees order.

Ayala filed a timely notice of appeal, and requested a certificate of probable cause so he could challenge the length of his sentence. The trial court denied Ayala's request. This appeal is thus limited to challenges that do not affect the validity of Ayala's plea. (Cal. Rules of Court, rule 8.304(b)(4)(B).)

We appointed counsel to represent Ayala in his appeal. After counsel examined the record, he filed an opening brief that raises no arguable issues. On September 29, 2020, we advised Ayala by mail that he had 30 days within which to submit any contentions or issues he wished us to consider. We have not received a response.

We have reviewed the entire record and are satisfied that Ayala's attorney fully complied with his responsibilities and that no arguable issue exists.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  The judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


GILBERT, P. J.


YEGAN, J.


3

Anthony J. Sabo, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.